IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 17-cv-989-NJR-DGW |
| ) | |
| **TYLER A. BRADLEY and JOHN** ) | |
| **BALDWIN (Official Capacity),** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**WILKERSON, Magistrate Judge:**

On December 19, 2017 Plaintiff Fabian Santiago filed an Amended Complaint (Doc. 18). Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. For the reasons set forth below, the Court finds none of the claims in Plaintiff's Amended Complaint survive threshold review.

### BACKGROUND

Plaintiff Fabian Santiago filed the current action pursuant to 42 U.S.C. § 1983 alleging a publication he had ordered was improperly withheld from him and destroyed, and that three items of legal correspondence were improperly opened outside his presence (Doc. 6, p. 1). The Court identified Santiago's Complaint to allege the following claims:

**Count 1:** First Amendment claim against Bradley for confiscating Plaintiff's "prison legal news" publication without reasonable justification, and against Rowald, Wandro, Jones, Phoenix, and Baldwin for failing to take corrective action in response to Plaintiff's grievance;

**Count 2:** Claims against John/Jane Doe #1 (mail handler) and John/Jane Doe #2 (mailing supervisor) for improperly opening and inspecting 2 letters from law firms and 1 package from Moran Law Group, and against Meyer, Oakley,

Lashbrook, Power, Phoenix, and Baldwin for failing to take corrective action in response to Plaintiff's grievances.

The Court conducted a revue of the original Complaint pursuant to 28 U.S.C. § 1915A, dismissed the claims in Count 2 in totality, and dismissed the claims in Count 1 against Defendants Rowald, Wandro, Jones, Phoenix, and Baldwin (Doc. 6, pp. 6-7). Defendant Baldwin was ordered to remain as a Defendant in his official capacity solely for purposes of injunctive relief. Thus, the only claim remaining after the Court's threshold review was a First Amendment claim against Bradley for confiscating Plaintiff's "prison legal news" publication without reasonable justification (Doc. 6).

On November 14, 2017, Santiago filed a Motion to alter, amend, or modify the Court's threshold merits review order (Doc. 6). Specifically, he sought to reinstate claims against the Defendants who were dismissed from the action and to reinstate Count 2 - the claims regarding opening of legal mail. The request for reconsider was denied (Doc. 25).

On December 19, 2017 Santiago filed the Amended Complaint (Doc. 18) that is currently under review.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that leave to amend should be freely given when justice so requires. This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). Accordingly, the Court is to liberally allow amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).

Title 28 U.S.C. §1915A directs the District Court to screen complaints filed by prisoners and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

### *Interference with Legal Communications*

Santiago once again raises a claim alleging the mailroom staff improperly opened his legal mail.[1] As this Court has repeatedly explained, in order for privileged attorney-client correspondence to receive the special treatment of being opened only in the inmate's presence, the envelope must be clearly marked with a warning that the letter is "legal mail," "privileged legal correspondence," or some similar notice that draws attention to its confidential nature. *Wolff v. McDonnell,* 418 U.S. 539, 576 (1974). The sender of a legal communication which is intended to be treated as privileged lawyer-client correspondence has the burden of clearly labeling it as such. *Wolff*, 418 U.S. at 576. The mere fact that an envelope bears the return address of a law office is not sufficient to alert prison officials that the contents are privileged and should be opened only in the presence of the prisoner-recipient. Despite Plaintiff's urging to the contrary, prison mailroom workers are simply not required to verify, using a law directory or other resource, whether the return address on an incoming envelope is from a legitimate law office.

In Santiago's original complaint, only one incidence of improper handling of privileged communication from an attorney was sufficiently alleged.[2] Isolated incidents, however, do not

---

[1] Santiago also makes reference to a legal document he was attempting to send that was returned to him as a result of an incorrect address (Doc. 18, p. 2). The Court reads this statement in the Amended Complaint to be provided as proof that mail room staff had access to resources to check attorney addresses, not as the basis for any additional or different legal claim.

[2] Plaintiff conceded the first two letters at issue (from West Town Law Office and Hamilton Law Office) were not marked with the "magical words of privileged/legal mail," but contained only the return address of the attorney

state a Constitutional violation. *Harrison v. County of Cook, Ill.,* 3364 Fed.Appx. 250, at *2 (7th Cir. 2010); see *also Bruscino v. Carlson,* 654 F. Supp. 609, 618 (S.D. Ill. 1987), aff'd, 854 F.2d 162 (7th Cir. 1988).

The Amended Complaint does not allege facts supporting any additional claims of Santiago's mail being improperly opened. The only additional facts presented are summary of a conversation Santiago states he had with Defendant Bradley, who told him the mailroom supervisor at Menard Correctional Center directed mailroom staff to "open & read numerous I/M legal mailings" (Doc. 18, p. 3). The alleged statement by Bradley, however, fails to identify the mailroom supervisor, the dates that individual worked at Menard, whether that individual was even the supervisor during the time Santiago was at that facility, or under what circumstances the supervisor instructed mailroom staff to open legal mail. As discussed above, not all correspondence from an attorney receives the special treatment of being opened only in the inmate's presence. The statement included in the Amended Complaint, therefore, does not necessarily implicate any Constitutional violation, let alone one against Santiago.[3] Thus, nothing in the Amended Complaint states a claim upon which relief can be granted regarding the alleged opening of privileged legal mail.

### *Failure to Act on Grievances*

Santiago alleges various prison administrators failed to properly respond to his

---

and/or law office (Doc. 1, p. 3).

[3] Santiago also alleges Bradley told him the officials at Menard Correctional Center temporarily removed the unnamed mailroom supervisor "due to such misconduct," but the individual was later returned to the position. Santiago speculates the supervisor was returned to the position due to prison politics (Doc. 18, p. 3). The Court finds these statements to be too vague and speculative to provide a basis for any claim for relief. None of the administrators at Menard or the mailroom supervisor are identified, and the reason for the temporary absence and return of the mail room supervisor appear to be mere speculation. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

grievances. Specifically, he alleges counselor Cindy Meyers, grievance officer Lori Oakley, Chief Administrative Officer Jacqueline Lashbrook, Administrative Review Board member Melissa Phoenix and Illinois Department of Corrections director John Baldwin all refused to take corrective action regarding his mail related grievances (Doc. 18, p. 6). He also argues that grievance officer Steve Gans and Chief Administrative Officer Stephanie Dorethy should have taken corrective action with regards to the confiscation of his "prison daily news" publication (Doc. 18, p. 7).

The basis for Santiago's claim against these Defendants is his belief that prison officials are liable for the actions of their subordinates (Doc. 18). To recover damages under § 1983, however, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Sheik–Abdi v. McClellan,* 37 F.3d 1240, 1248 (7th Cir. 1994). An individual cannot be personally liable under a theory of *respondeat superior. Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988). To be liable a prison official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* The alleged improper denial or mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct" states no claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Nothing in Santiago's Amended Complaint alleges any of the above Defendants participated in the opening of his mail or the confiscation of his prison publication. The only claim raised is that they failed to take corrective action against those who did participate in the alleged violations (Doc. 18, pp. 6, 7). As such, there is no factual basis for finding the above

listed Defendants were in any way personally responsible for Santiago's claimed Constitutional violations and Santiago has failed to state a claim against them.

*Retaliation*

Santiago states in his Amended Complaint that he has "demonstrated retalitory [sic] misconduct upon the part of defendants" (Doc. 18, p. 4). He appears to be arguing that Defendants Meyers, Oakley, Lashbrook, Phoenix and Baldwin retaliated against him for filing his grievances regarding the opening of his mail.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper"); *see also Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

To prevail on a First Amendment retaliation claim, however, a plaintiff must ultimately show they (1) engaged in activity protected by the First Amendment; (2) suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)).

Without even addressing the first and third elements, it is clear Santiago cannot state a claim for retaliation because he does not allege any deprivation, let alone a substantial one. To

succeed on a retaliation claim, the Plaintiff must show they suffered a deprivation that was so substantial it would deter a reasonable person from exercising their rights in the future. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009). Here, Santiago alleges no deprivation at all.[4] Rather, he simply includes a conclusory claim of retaliation, which the Seventh Circuit had held is insufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Thus, Santiago has failed to plead any facts upon which a claim for relief is plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISPOSITION

Because the Court finds none of the claims in Plaintiff's Amended Complaint survive threshold review, Defendants **ROWALD, MAYER, WANDRO, OAKLEY, JONES, LASHBROOK, PHOENIX, HAWKINS, BEAMS, GANS, DORETHY, BENTON JOHN/JANE DOE #1, JOHN/JANE DOE #2, and JOHN/JANE DOE #3 are DISMISSED from this action without prejudice.** John Baldwin remains a defendant in his official capacity only.

It is **FURTHER ORDERED** that this action shall proceed solely on the allegations approved for further consideration in the Court's Threshold Order (Doc. 6). The Plaintiff is WARNED that raising these same claims without additional support may result in a recommendation the claims be dismissed with prejudice.

As to the deadline for answering the original Complaint, the Court **GRANTS** Defendants fourteen days after entry of this Order to file their Answers.

---

[4] Santiago's claim appears to be that several administrators failed to respond, or did not respond sufficiently, to his grievances (Doc. 18, p. 7). Taken to its extreme, Santiago's argument appears to be that he was retaliated against for filing grievances by no one responding. The Court fails to see how the failure to respond, with no other consequences to Santiago, is so substantial of a deprivation it would deter a reasonable person from filing a grievance in the future.

**IT IS SO ORDERED.**

**DATED: February 14, 2018**

              **DONALD G. WILKERSON**
              **Magistrate Judge**