# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:17-cv-989-NJR-DGW ) |
| TYLER A. BRADLEY, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 40), which recommends that the Court find that none of the claims set forth within Plaintiff Fabian Santiago's ("Santiago") Amended Complaint survive threshold review. The Report and Recommendation was entered on April 4, 2018. Santiago filed a timely objection to the Report and Recommendation on April 11, 2018 (Doc. 42). In that objection, however, Santiago indicated that he had been unable to fully view the Report and Recommendation. Thus, the Court sent Santiago a copy of the Report and Recommendation, so he could file an appropriate objection. On July 9, 2018, Santiago filed a Supplemental Objection to the Report and Recommendation (Doc. 60). Based on that filing, it appeared to the Court that he was able to view the entire Report and Recommendation and that he would like his previously filed Objection to the Report

and Recommendation to be considered "as is." (Doc. 60, p. 2). Out of an abundance of caution, however, the Court granted Santiago until August 3, 2018, to supplement his Objection (Doc. 69). On July 25, 2018, Santiago filed a response titled "Plaintiffs Supplemental Motion Pertaining to Objections" and a corresponding "Memorandum" (Docs. 70 and 71).

## BACKGROUND

Santiago, an Illinois Department of Corrections inmate, was incarcerated at Hill Correctional Center ("Hill") at the time he initiated this *pro se* action (Doc. 6); his claims arose, however, while he was confined at Menard Correctional Center ("Menard"). In his initial Complaint, Santiago alleged that a publication he had ordered was improperly withheld from him and destroyed and that three items of legal correspondence were improperly opened outside of his presence (Doc. 6, p. 1). Specifically, Santiago raised the following claims:

Count 1: First Amendment claim against Bradley for confiscating Santiago's "prison legal news" publication without reasonable justification, and against Rowald, Wandro, Jones, Phoenix, and Baldwin for failing to take corrective action in response to Santiago's grievance;

Count 2: Claims against John/Jane Doe #1 (mail handler) and John/Jane Doe #2 (mailing supervisor) for improperly opening and inspecting two letters from law firms and one package from Moran Law Group, and against Meyer, Oakley, Lashbrook, Power, Phoenix, and Baldwin for failing to take corrective action in response to Santiago's grievances.

The Court allowed Santiago to proceed on his claim in Count 1 against

Defendant Tyler Bradley ("Bradley") only (Doc. 6, p. 6). Count 2 was dismissed without prejudice (*Id*.). Defendant John Baldwin, the Director of the Illinois Department of Corrections, was ordered to remain as a Defendant in his official capacity solely for purpose of the injunctive relief requested (*Id*.). On December 19, 2017, Santiago filed an Amended Complaint (Doc. 18). With respect to that Amended Complaint, Magistrate Judge Wilkerson issued a Report and Recommendation on April 4, 2018 (Doc. 40).[1]

## THE REPORT AND RECOMMENDATION

Magistrate Judge Wilkerson recommends that the Court find that none of the claims set forth in Santiago's Amended Complaint survive threshold review. Magistrate Judge Wilkerson categorized Santiago's claims set forth in the Amended Complaint as follows: that the mailroom staff improperly opened Santiago's legal mail and interfered with his legal communications, that various prison administrators (Meyers, Oakley, Lashbrook, Baldwin, Gans, and Dorethy) failed to properly act on or respond to his grievances, and that Meyers, Oakley, Lashbrook, Phoenix, and Baldwin retaliated against him for filing his grievances regarding the opening of his mail.

As to the interference with legal communications claim, Magistrate Judge Wilkerson found that Santiago failed to allege any facts supporting any additional claims of his mail being improperly opened. Magistrate Judge Wilkerson also reiterated that prison mailroom workers are not required to verify, using a law directory, whether

---

[1] On February 14, 2018, Magistrate Judge Wilkerson inadvertently entered an order conducting a threshold review of the Amended Complaint, instead of issuing his order as a Report and Recommendation directed to the undersigned. This order was stricken by the Court (*see* Doc. 26), and a Report and Recommendation was properly issued on April 4, 2018 (Doc. 40).

the return address on an incoming envelope is from a legitimate law office. As to the failure to act on grievances claim, Magistrate Judge Wilkerson found that Santiago failed to allege that any of the named defendants was personally responsible for opening his mail or the confiscation of his prison publication. As to the retaliation claim, Magistrate Judge Wilkerson found that Santiago failed to allege that he suffered a deprivation that would likely deter First Amendment activity in the future. Thus, Magistrate Judge Wilkerson ultimately recommended that the Court find that the only claim remaining is the claim as originally articulated in the Court's threshold order:

>  Count 1:    First Amendment claim against Bradley for confiscating Santiago's "prison legal news" publication without reasonable justification.

## DISCUSSION

When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have made. *Id.* (quoting 12 Charles Alan Wright et. al, *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)).

28 U.S.C. § 1915A directs a district court to screen complaints filed by prisoners

and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557.

Santiago first objects that Defendants were required to review a Sullivan's Law Directory when any mail received appeared to be from a law firm. An inmate's legal mail is entitled to certain protections because of the potential for interference with the inmate's right of access to the courts. *See Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). Legal mail may only be inspected in the presence of the inmate to ensure that it is not read by prison officials. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). However, "it is entirely appropriate for the State to require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment." *Wolff,* 418 U.S. at 576. The Seventh Circuit has held that incoming mail from an attorney may be opened out of an inmate's presence unless it bears a warning that draws attention to its confidential nature, for example, "Special Mail—Open only in the presence of the inmate." *Martin v. Brewer*, 830 F.2d 76, 77 (7th Cir. 1987); *see also* 28 CFR § 540.2 ("Special Mail means correspondence received from . . . attorneys . . . [and] the front of the envelope must be marked 'Special

Mail—Open only in the presence of the inmate."). Additionally, only ongoing interference with legal mail violates a prisoner's rights of free speech and free association. *See Franklin v. McCaughtry*, 110 F. App'x 715, 722 (7th Cir. 2004) (citing *Castillo v. Cook Cty. Mail Room Dep't*, 990 F.3d 304, 306 (7th Cir. 1993)).

Here, Santiago has re-alleged his claim against the prison mailroom staff for failing to use a Sullivan's Law Directory to confirm that the return address on an incoming envelope was from a legitimate law office. The prison mailroom workers are not required to do such a thing. Although the Court previously found that Santiago properly alleged one instance of improper handling of privileged communication from an attorney, isolated incidents do not state a constitutional claim. *See Harrison v. Cty. of Cook, Ill.*, 364 F. App'x 250, 253 (7th Cir. 2010).

Furthermore, the Amended Complaint does not allege facts supporting any additional claims of Santiago's mail being improperly opened. A claim is not sufficiently stated unless it provides a clear statement of who was personally involved in a constitutional deprivation and what they did to deprive the plaintiff of his rights. Any other allegations related to this claim are too vague and speculative to implicate a constitutional violation. Thus, the Court agrees with Magistrate Judge Wilkerson's conclusion that nothing in the Amended Complaint states a claim upon which relief can be granted regarding the alleged opening of legal mail. Accordingly, Santiago's objection with regard to this claim is overruled.

Santiago also objects that he has articulated claims against Rowald, Meyer,

Wandro, Oakley, Jones, Lashbrook, Phoenix, Beams, Gans, Dorethy, Benton, and Baldwin for failing to act on his grievances. He specifically argues that prison officials are directly liable for the actions carried out by subordinates. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, the alleged failure to act on Santiago's grievances by the above-mentioned defendants who otherwise are not alleged to have caused or participated in the underlying conduct states no claim. *Id*. Accordingly, Santiago's objection with regard to this claim is overruled.

Santiago also conclusively objects that prison officials may not retaliate against an inmate for the filing of grievances or otherwise complaining about conditions of confinement. Magistrate Judge Wilkerson concluded that Santiago failed to allege enough facts in his Amended Complaint to state a claim for retaliation, and the Court agrees. Accordingly, Santiago's objection with regard to this claim is overruled.

Lastly, Santiago objects that he alleged that Defendant Bradley *and* Lyle Hawkinson were both directly involved in the confiscation of Santiago's prison legal news (Doc. 42, p. 3). In the Amended Complaint, Santiago specifically alleges that Hawkinson, the publications review chairperson at Hill, confiscated the August 2017 issue of prison legal news, due to that publication featuring articles and case law critical of Illinois Department of Corrections facilities/conditions (Doc. 18, p. 7). He alleges that the act of prison officials confiscating his prison legal news publication began at

Menard and continues at Hill (Doc. 18, p. 7). For the same reasons this claim was allowed to proceed against Defendant Bradley (Doc. 6, p. 6-7), it also should proceed against Hawkinson. Thus, Hawkinson will be added as a defendant in this action. Accordingly, Santiago's objection with respect to this claim is sustained.

As mentioned in the initial threshold Order, Santiago has alleged that the Illinois Department of Corrections has a policy and practice of confiscating publications. Santiago seeks injunctive relief against Baldwin in relation to this claim in order to prevent future confiscation of publications. Santiago re-alleges this policy and practice claim in his Amended Complaint (Doc. 18, p. 2, 6-7). The Court finds it necessary to clarify Count 1 to properly encompass this claim asserted against Baldwin in his official capacity.

None of Santiago's other arguments gives this Court cause to reject Magistrate Judge Wilkerson's Report and Recommendation.

## CONCLUSION

For these reasons, the Court **ADOPTS in part and REJECTS in part** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 40). Santiago's Objections (Docs. 42, 60, 70, 71) are **SUSTAINED in part** and **OVERRULED in part**. After conducting a threshold review of the Amended Complaint, the Court finds that only the claim set forth below will proceed in this action:

> Count 1: First Amendment claim against Bradley **and Hawkinson** for confiscating Santiago's "prison legal news" publication without reasonable justification and **against the Illinois**

**Department of Corrections Director Baldwin in his official capacity for implementing a policy and/or practice of confiscating inmate's publications**.

Defendants Rowald, Mayer, Wandro, Oakley, Jones, Lashbrook, Phoenix, Beams, Gans, Dorethy, Benton, John/Jane Doe #1, John/Jane Doe #2, and John/Jane Doe #3 are **DISMISSED without prejudice**. The Clerk's Office is **DIRECTED** to add Lyle Hawkinson as a defendant in this case.

The Clerk of Court shall prepare for Defendant Hawkinson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant Hawkinson's place of employment as identified by Santiago. If Defendant Hawkinson fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant Hawkinson, and the Court will require that Defendant Hawkinson pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Santiago shall serve upon Defendant Hawkinson (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Santiago shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails

to include a certificate of service will be disregarded by the Court.

Defendants Bradley's and Baldwin's responsive pleadings are due on or before **October 15, 2018**.

**IT IS SO ORDERED.**

DATED:   October 1, 2018

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**