IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-989-NJR-DGW |
| | ) |
| TYLER A. BRADLEY, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on several objections filed by Plaintiff Fabian Santiago ("Santiago") regarding Magistrate Judge Donald G. Wilkerson's rulings. Specifically, Santiago objects to Magistrate Judge Wilkerson's order granting Defendants' Motion for Merit Review and Stay at Doc. 23 (Doc. 28), Magistrate Judge Wilkerson's order regarding the Amended Complaint at Doc. 26 (Doc. 30), Magistrate Judge Wilkerson's order denying Santiago's request for appointment of counsel at Doc. 20 (Doc. 31), Magistrate Judge Wilkerson's order on Defendants' Motion to Clarify at Doc. 34 (Doc. 36), and Magistrate Judge Wilkerson's scheduling order setting a *Pavey* hearing at Doc. 44 (Doc. 46). On June 26, 2016, after receiving notice from Santiago that he has not been able to view all filings, the Court provided Santiago with the opportunity to request from the Court certain filings that he has been unable to view (Doc. 56). The Court then reserved ruling on these objections until such time as it could confirm that Santiago read the relevant documents to which he has launched an objection (*Id*.). In

response to this Order, Santiago indicated that he would like the Court to rule on these objections "as is," and did not request any documents from the Court (Docs. 60 and 67). Out of an abundance of caution, the Court granted Santiago additional time to request from the Court certain documents and/or to supplement any of his previously filed objections. The Court stated that if Santiago "does not file a supplement as to any Objection or request that the Court send him any documents within that time, the Court will presume that he has been able to view all relevant documents as to which he is launching an objection and will rule on the objections accordingly." (Doc. 69). Santiago filed a Response titled "Plaintiffs Supplemental Motion Pertaining to Objections" and a corresponding "Memorandum" (Docs. 70 and 71).

## BACKGROUND

Santiago, an Illinois Department of Corrections inmate, was incarcerated at Hill Correctional Center ("Hill") at the time he initiated this *pro se* action (Doc. 6). His claims, however, arose while he was confined at Menard Correctional Center ("Menard"). Following a threshold review of the initial Complaint and Amended Complaint, Santiago proceeds on the following claim:

> Count 1: First Amendment claim against Bradley and Hawkinson for confiscating Santiago's "prison legal news" publication without reasonable justification and against the Illinois Department of Corrections Director Baldwin in his official capacity for implementing a policy and/or practice of confiscating inmate's publications.

On February 9, 2018, Defendants Baldwin and Bradley filed a Motion for a Merit Review and Stay, asking the Court to conduct a threshold review of the Amended

Complaint pursuant to 28 U.S.C. § 1915A(a) (Doc. 21). Defendants further requested a stay of the responsive pleading deadline until thirty days after the Court entered a merit review order (*Id.*). Magistrate Judge Wilkerson granted the motion, finding that Defendants Baldwin's and Bradley's deadline to answer the Amended Complaint was stayed pending the Court's review and entry of an order (Doc. 23). Santiago filed an objection to Magistrate Judge Wilkerson's order on February 15, 2018 (Doc. 28), which the Court construes as an appeal of the order pursuant to Rule 72 of the Federal Rules of Civil Procedure.

On February 14, 2018, Magistrate Judge Wilkerson conducted threshold review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a) (Doc. 26). Santiago filed an objection to that order on February 16, 2018, which the Court construes as an appeal of the order pursuant to Rule 72 of the Federal Rules of Civil Procedure (Doc. 30).

On September 18, 2017, Santiago filed a Motion to Appoint Counsel (Doc. 3). On January 12, 2018, Magistrate Judge Wilkerson denied that motion without prejudice (*Id.*). On February 20, 2018, Santiago filed an objection to Magistrate Judge Wilkerson's order, which the Court construes as an appeal of the order pursuant to Rule 72 of the Federal Rules of Civil Procedure (Doc. 31).

On February 28, 2018, Defendants Baldwin and Bradley filed a Motion to Clarify Order and for Extension of Time (Doc. 33). Defendants Baldwin and Bradley sought clarification as to when a responsive pleading was due, and an extension of time to file a responsive pleading following Magistrate Judge Wilkerson's order entered on February 14, 2018 (*Id.*). In response, Magistrate Judge Wilkerson reinstated the initial complaint

and set a deadline of March 16, 2018 for Defendants to file a responsive pleading (Doc. 34). Santiago objects to Magistrate Judge Wilkerson's order, which the Court construes as an appeal of the order pursuant to Rule 72 of the Federal Rules of Civil Procedure (Doc. 36).

Finally, on April 19, 2018, Magistrate Judge Wilkerson entered a scheduling and discovery order (Doc. 44). On April 23, 2018, Santiago filed an Objection to Magistrate Judge Wilkerson's scheduling and discovery order to the extent that it set a *Pavey* hearing, which the Court construes as an appeal of the order pursuant to Rule 72 of the Federal Rules of Civil Procedure (Doc. 46).

## DISCUSSION

The Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). *See also* SDIL-LR 73.1(a). A decision is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). *See also Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.").

**I.     Appeal of Magistrate Judge Wilkerson's February 12, 2018 order granting Defendants' Motion for Merit Review and Stay at Doc. 23 (Doc. 28)**

On February 9, 2018, Defendants Baldwin and Bradley filed a Motion for a Merit

Review and Stay, asking the Court to conduct a threshold review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a) (Doc. 21). Defendants further requested a stay of the responsive pleading deadline until thirty days after the Court entered a merit review order (*Id.*). Magistrate Judge Wilkerson granted the motion, finding that Defendants Baldwin's and Bradley's deadline to answer the Amended Complaint was stayed pending the Court's review and entry of an order (Doc. 23). Santiago appeals this order, arguing that it was improper for Magistrate Judge Wilkerson to grant Defendants' motion before defense counsel entered her notice of appearance.

Santiago is correct that defense counsel, Ayesha Patel, did not have a Notice of Appearance on file prior to filing the Motion for Merit Review and Stay on February 9, 2018 (Doc. 21). In response to the filing of that motion, on February 12, 2018, the Clerk's Office specifically notified defense counsel that, pursuant to the Court's Local Rule 83.1(f), counsel must file a written entry of appearance before addressing the court (Doc. 22).[1] It was within Magistrate Judge Wilkerson's discretion to accept the filing, despite a violation of this Court's local rules. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 223 (7th Cir. 1988) ("Normally district courts have considerable discretion in interpreting and applying their own local rules."). Federal Rule of Civil Procedure 83(a)(2) states that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Courts have held that "a district court can depart from the strictures

---

[1] Ayesha Patel then entered her appearance three days later, on February 15, 2018 (Doc. 29).

of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 3:08-CV-00490, 2010 WL 3119487, at *6 (N.D. Ind. Aug. 5, 2010) (citing *United States v. Eleven Vehicles*, 200 F.3d 203, 2015 (3d Cir. 2000)).

For purposes of docket control and efficiency, it made sense for Magistrate Judge Wilkerson to consider the motion (coextensive with the Clerk's Office notifying defense counsel of the error), rather than striking the document only to have it re-filed at a later date. The Court does not find that such actions resulted in any unfair prejudice to Santiago. Thus, the Court denies Santiago's appeal of Magistrate Judge Wilkerson's February 12, 2018 order.

**II.  Appeal of Magistrate Judge Wilkerson's February 14, 2018 order regarding the Amended Complaint at Doc. 26 (Doc. 30)**

On February 14, 2018, Magistrate Judge Wilkerson conducted threshold review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a) (Doc. 26). Magistrate Judge Wilkerson inadvertently entered this order, instead of issuing it as a Report and Recommendation directed to the undersigned. Thus, this order was stricken by the Court (*see* Doc. 26) and a Report and Recommendation was properly issued on April 4, 2018 (Doc. 40). Santiago was allowed the opportunity to respond to that Report and Recommendation, and the undersigned ultimately ended up adopting it in part and rejecting it in part . Thus, Santiago's appeal of Magistrate Judge Wilkerson's February 14, 2018 order, which has since been stricken, is moot.

### III. Appeal of Magistrate Judge Wilkerson's January 12, 2018 order denying Santiago's request for appointment of counsel at Doc. 20 (Doc. 31)

On January 12, 2018, Magistrate Judge Wilkerson denied Santiago's Motion for Appointment of Counsel without prejudice, finding that Santiago's lawsuit is fairly straightforward and is unlikely to require assistance of expert witnesses (Doc. 20, p. 2). Further, Magistrate Judge Wilkerson found that Santiago's filings have demonstrated his ability to read, write, and understand the English language (*Id.*). Lastly, Magistrate Judge Wilkerson found that the recruitment of counsel was premature, because a scheduling order had yet to be entered and the question of exhaustion of administrative remedies was still outstanding (*Id.*).

In his appeal of this order, Santiago argues that he needs counsel in order to locate witnesses and his transfer to Hill has seriously hindered his ability to undertake discovery. He also urges the Court to appoint him counsel to assist him in recovering discovery and for purposes of summary judgment.

A plaintiff has no constitutional or statutory right to counsel in a federal civil proceeding. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (citing *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Therefore, on a 28 U.S.C. § 1915(e)(1) motion, it is entirely within the Court's discretion whether or not to recruit counsel for civil litigants. *Id.* In making this determination, the Court must first consider whether the plaintiff has "made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Magistrate Judge Wilkerson found this preliminary inquiry to be satisfied. He

denied the motion based on the fact that Santiago appeared competent to litigate his own claims and the motion was premature. This inquiry turns on the complexity of issues in the action and the litigant's capabilities. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014); *see also Pruitt*, 503 F.3d at 655 ("[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").

Here, the Court does not find that Santiago's single claim that survived (at the point in time at which Magistrate Judge Wilkerson ruled on his motion to appoint counsel) was too complex for him to litigate on his own during the early stage of the proceedings. Magistrate Judge Wilkerson previously found, and the undersigned agrees, that Santiago demonstrated his ability to read, write, and understand the English language and cogently set forth his claims. During the time at which Magistrate Judge Wilkerson denied Santiago counsel, Santiago had filed an Amended Complaint that had not yet been screened (and a scheduling and discovery order had not even been entered yet in the case). The presence of counsel would have had no impact on the screening of the complaint that Santiago filed. Thus, it was appropriate for Magistrate Judge Wilkerson to deny Santiago's motion without prejudice. Accordingly, the Court denies Santiago's appeal of Magistrate Judge Wilkerson's January 12, 2018 order.

To the extent Santiago seeks counsel at this stage of the proceedings, the Court still finds the request to be premature. The Court just screened the Amended Complaint and discovery is not scheduled to close until February of next year. In light of the fact that Defendant Hawkinson was added as a defendant, this deadline might need to be

extended even further. Santiago stresses that he is entitled to counsel because he has been transferred prisons. But the mere fact that Santiago has been transferred to a different prison is not alone sufficient to show entitlement to counsel. *See Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). Santiago has not identified any specific discovery issues thus far. Although he states that he needs counsel to help him locate documents and witnesses, he does not indicate that he has made attempts to locate such documents and witnesses to no avail. Additionally, only one count proceeds in this action. Santiago has acknowledged his experience with civil litigation and he has demonstrated competency through well-written pleadings. Thus, the Court finds that Santiago is competent to litigate his claims on his own at this stage of the case. Thus, Santiago's requests for appointment of counsel (Docs. 47 and 67) are denied without prejudice.

**IV.   Appeal of Magistrate Judge Wilkerson's March 1, 2018 order on Defendants' Motion to Clarify at Doc. 34 (Doc. 36)**

On February 28, 2018, Defendants Baldwin and Bradley filed a Motion to Clarify Order and for Extension of Time (Doc. 33). Defendants Baldwin and Bradley sought clarification as to when a responsive pleading was due, and an extension of time to file a responsive pleading following Magistrate Judge Wilkerson's order entered on February 14, 2018 (*Id*.), which conducted a threshold review of the Amended Complaint. In response to the motion, Magistrate Judge Wilkerson reinstated the initial complaint due to the fact that his February 14, 2018 order found that no additional claims set forth in the Amended Complaint stated a claim for relief (Doc. 34). He also set a deadline of March 16, 2018 for Defendants to file an answer or other responsive pleading (*Id*.). Santiago

appeals this order arguing that it was improper for Magistrate Judge Wilkerson to reinstate the initial complaint and allow Defendants Baldwin and Bradley additional time to file their responsive pleadings. As the Court mentioned previously, however, the February 14, 2018 order was stricken by the Court because it was improperly docketed as an order, rather than a Report and Recommendation directed at the undersigned. Thus, Santiago's appeal of Magistrate Judge Wilkerson's order that clarifies that stricken order is now moot.

> V. **Appeal of Magistrate Judge Wilkerson's April 19, 2018 scheduling order setting a *Pavey* hearing at Doc. 44 (Doc. 46)**

On April 19, 2018, Magistrate Judge Wilkerson entered a scheduling and discovery order (Doc. 44). In Santiago's appeal of this scheduling and discovery order, he argues that it was improper for Magistrate Judge Wilkerson to schedule a *Pavey* hearing since Defendants Baldwin and Bradley never raised exhaustion as an affirmative defense. The Court agrees that, in Defendants' Answer filed on April 13, 2018, Defendants did not raise exhaustion as an affirmative defense (Doc. 43, p. 11-13). Nonetheless, this issue is now moot because the *Pavey* hearing has since been canceled (*See* Doc. 65).[2] Thus, Santiago's appeal of Magistrate Judge Wilkerson's April 19, 2018 scheduling order to is moot.

## CONCLUSION

Accordingly, the Court **DENIES** Santiago's appeal of Magistrate Judge Wilkerson's February 12, 2018 order granting Defendants' Motion for Merit Review and

---

[2] Oddly, Defendants filed a "Motion to Withdraw Affirmative Defense of Failure to Exhaust Administrative Remedies" (Doc. 61), even though they never raised the affirmative defense of failure to exhaust administrative remedies in the Answer (*see* Doc. 43, p. 11-13).

Stay (Doc. 28), **DENIES** Santiago's appeal of Magistrate Judge Wilkerson's January 12, 2018 order denying Santiago's Motion for Appointment of Counsel (Doc. 31), **DENIES as moot** Santiago's appeal of Magistrate Judge Wilkerson's February 14, 2018 order regarding the Amended Complaint (Doc. 30), **DENIES as moot** Santiago's appeal of Magistrate Judge Wilkerson's March 1, 2018 order granting Defendants' Motion to Clarify (Doc. 36), and **DENES as moot** Santiago's appeal of Magistrate Judge Wilkerson's April 19, 2018 scheduling order setting a *Pavey* hearing (Doc. 46). Santiago's requests for appointment of counsel (Docs. 47 and 67) are **DENIED without prejudice** at this time.

    **IT IS SO ORDERED.**

    DATED:   October 1, 2018

                                                                  **NANCY J. ROSENSTENGEL**
                                                                  **United States District Judge**