IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FABIAN SANTIAGO,**

        Plaintiff,

v.

**TYLER L. BRADLEY, et al.,**

        Defendants.

Case No. 17-989-NJR-MAB

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On May 29, 2019, Plaintiff Fabian Santiago filed an "Objection to the Denyal [sic] for the Appointment of Counsel/Attorney" (Doc. 112). Although not docketed as such, the pleading appears to be an appeal of Magistrate Judge Beatty's Order of May 24, 2019 (Doc. 110), which denied Santiago's request for counsel.

Under Local Rule 72(a), the District Court must consider timely objections and modify or set aside any part of the Magistrate Judge's order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *see also* SDIL-LR 73.1(a). A decision is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Although there is no constitutional or statutory right to counsel in federal civil cases, the Court has discretion to recruit counsel to represent indigent litigants in appropriate circumstances. 28 U.S.C. § 1915(e)(1); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Two questions guide a court's discretionary decision whether to recruit

counsel: (1) "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so," and (2) "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).

Because there is no dispute that Santiago made a reasonable attempt to obtain counsel for himself but was unable to do so, the Court focuses on the second prong of the test, *i.e.*, whether Santiago appears competent to litigate the case himself given the complexity of the case.

While there are no "fixed requirements" for determining a litigant's ability to handle the case on his own, the Seventh Circuit has directed district courts to consider the party's "literacy, communication skills, education level, and litigation experience as well as any available evidence of his intellectual capacity and psychological history" as those factors relate to litigation of the case. *Walker v. Price*, 900 F.3d 933, 940 (7th Cir. 2018) (quotations omitted).

Based on these factors, the Court finds there is nothing clearly erroneous or contrary to law in Judge Beatty's order. Although Santiago argues he has limited knowledge of the law, that concern is not unique to a *pro se* litigant and, at this stage of the litigation, does not, by itself, warrant appointed counsel. The undersigned's review of Santiago's pleadings demonstrates that he is able to read, write, and understand English, and, in fact, he appears to understand the litigation process quite well. If Santiago is having difficulty receiving discovery responses from Defendants, the proper way to bring that to the Court's attention is to file a motion to compel, concisely and clearly stating what the issue is.

For these reasons, the objection filed by Plaintiff Fabian Santiago (Doc. 112) is **OVERRULED**, and Judge Beatty's Order (Doc. 110) is affirmed.

**IT IS SO ORDERED.**

**DATED:** August 12, 2019

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**